NicholsoN, Ch. J.,
delivered the opinion of the court.
In May, 1857, Vm. Swan agreed to sell to Paul Masson a vacant lot in Knoxville for $600. The agreement was in parol, no note given for the purchase money, and no time fixed for its payment, and no written ■ memorandum of the terms of sale. Mas- *454 son took possession of the lot, and proceeded to make permanent improvements upon it by erecting buildings thereon for a residence. From the 25th of December, 1857, to the 25th of December, 1860, he occupied the premises as a residence. No payment on the purchase money was made, and no application to Swan for a title. Swan died in March, 1859.
The bill was filed May 2, ' 1860, making no tender of purchase money, and asking for no execution of the contract by title from the heirs of Swan, but assuming that the contract was void because not reduced to writing, and claiming compensation for the permanent improvements to the amount of the enhanced value of the property, setting off against such the rents, after deducting the amounts paid for taxes and insurance.
The widow of Wm. Swan, as his administratrix, and his heirs, were made defendants.. The heirs answered — those who were adults answering for themselves, and those who were minors by their regular guardian, the service of process on them being waived by him.
By reference to the Clerk and Master the amount of the enhanced value of the lot was ascertained, to which was added the amount of taxes and insurance paid, and from the aggregate sum the amount of the rents was deducted. For the balance a decree was rendered, and an order of sale of the lot for its satisfaction.
Both sides have appealed.
1. It is objected to the decree below that the re *455 cord shows that the minor defendants were not served with process, and that it does not appear that the answer put in for them by their regular guardian was subscribed and sworn to. . The certificate of the clerk shows that the defendants made oath to the answer; this was sufficient without the signature of the party, as no exception was taken to it. The case of Cowan v. Anderson, 7 Col., 284, determines that a regular guardian may defend for minors and waive process.
2. It is said that there is no equity in the bill, and that complainant has no right to the aid of a court of equity to enable him to rescind the contract.
By the recent decisions in this State, the contract of sale was not absolutely void, but voidable upon the election of either party: Roberts v. Francis, 2 Heis., 128. Swan, the vendor, did not elect to avoid the contract, nor did his heirs after his death. Complainant made no tender of the purchase money, and could not claim a title until he had done so. He rested upon the parol contract, made the improvements, and occupied the property as his own ' under the parol contract until May 2nd, 1860, when he elected to avoid the contract and claim compensation for his improvements. He had the right to make his election, and as the improvements were made under a subsisting parol contract, he had the right to come into a court of equity to have his claim for compensation enforced. The' equity springs from the fact that the contract is not void but voidable, and that either party has the right to avoid it: Rhea v. Allison, fs Head, 176.
*456 3. The equity of complainant is the amount of the enhancement of the "valué of the lot in market, resulting from the permanent improvements made upon it; this value to be estimated at the. time he made his election to avoid the contract. The amounts actually expended in making or superintending the improvements do not furnish the criteria for ascertaining the enhanced value, though they may be looked to as legitimate evidence in the investigation.
But as complainant seeks the enforcement of an equity, he is bound to do equity; hence, he is required to account for the benefits derived from the use and occupation of the property. As he elects to repudiate the contract, and along with it the payment of the purchase money, equity requires him to account for reasonable rents.
During the occupation, of the lot the law imposed taxes on the property. These were encumbrances, for the removal of which he ought to have credit upon the amount of the rents. But the insurance paid upon the property stands on a different footing. He insured the property voluntarily and for his own protection, and while he was holding and treating the property as his own. We see no equity in allowing him a credit for this expenditure. The balance due to complainant will bear interest from the filing' of the bill.
The only remaining question is as to whether the enhanced value should be paid by the administrator or the heirs? It can not be regarded as a debt against the administrator. The liability arose upon *457 tbe election of complainant to avoid the contract, and it is a liability arising out of no default on tbe part of tbe intestate or his administratrix. For all we can see, the intestate was ready at any time to make title if complainant bad entitled- himself to it by tendering or paying the purchase money. Not electing to do this during the lifetime of the intestate, and only making his election to avoid the contract after the legal title had descended to the heirs of the intestate, at which time his equitable claim for compensation came into existence, we think it clear that the liability attaches to the property itself out of which it sprung, and that it can not be viewed as a debt of the estate to be paid by the administratrix. The real estate and not the personal is benefitted by the improvement, and equity necessarily fixes the liability for the benefit on the real estate.
With the modifications indicated, the decree of the Chancellor is affirmed. The heirs will have four months with which to pay the amount ascertained to be due. The clerk of this court will make report of the amount due to the. present term. The costs will be paid by complainant.